UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADRIANO R. GOMES,<br>　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN W. COLVIN,<br>　　　Defendant. | )<br>)<br>)<br>)　C.A. No.  15-12340-LTS<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

SOROKIN, D.J.

For the reasons stated below, this action is dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

BACKGROUND

On June 15, 2015, Adriano R. Gomes, proceeding pro se, filed a complaint seeking judicial review of an adverse decision on his application for benefits by the Appeals Council. See Docket No. 1.  With the complaint, plaintiff filed a motion to proceed in forma pauperis. See Docket No. 2.  The Clerk assigned the action pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges.  See Docket No. 5.

By Order dated June 19, 2015, Magistrate Judge Kelley granted plaintiff's motion and directed the clerk to issue summons for service of the complaint.  See Docket No. 6.  The Clerk mailed the order and summons to plaintiff with instructions for service by the United States Marshals Service.  See Docket.  At that time, the clerk provided plaintiff with copy of Local Rule 4.1.  Id.

DISCUSSION

It is more than 120 days since the summons was issued. No returnord of service has been filed. "The timing of service of process is governed by **Fed. R. Civ. P. 4(m)**..." Martello v. United States, No. 13-13089-DPW, 2015 WL 5680327, at *8 (D. Mass. Sept. 25, 2015) (emphasis in the original). If service is not made within the 120 day period, the court shall "dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If plaintiff does not show good cause by "the 14th day following the 120 day period," "the clerk shall" enter a dismissal order for failure to effectuate service of process. See Local Rule 4.1(b).

Although plaintiff's pro se status entitles his pleadings to a liberal construction, see Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008) (noting that pro se pleadings are held to less demanding standards than those drafted by lawyers), this pro se status does not exempt Gomes from compliance with relevant rules of procedure. See, e.g., Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000) (stating that pro se litigants are not exempt from procedural rules); Ahmed v. Rosenblatt, 118 F.3d 886 (1st Cir. 1997) (noting that pro se status does not insulate a party from complying with procedural and substantive law).

Plaintiff requested no extensions of the service period and has not undertaken to show good cause for an extension. In fact, the Court has not received any communication from Gomes since the filing of his complaint.

CONCLUSION

Based on the foregoing, it is hereby Ordered that this action is dismissed, without prejudice, for failure to effect service of process in compliance with Rule 4(m) of the Federal

Rules of Civil Procedure.  The Clerk shall mail a copy of this Order to plaintiff at the address listed on the docket.

SO ORDERED.

 October 30, 2015                                  /s/ Leo T. Sorokin
DATE                                           LEO T. SOROKIN
                                              UNITED STATES DISTRICT JUDGE